UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DWAYNE THOMAS,

    Petitioner,                                     Civil No. 2:06-13165
                                                HONORABLE PAUL D. BORMAN
v.                                              UNITED STATES DISTRICT JUDGE

TOM BELL,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS TO DELETE UNEXHAUSTED CLAIMS, GRANTING THE MOTION TO RELATE THE AMENDED PETITION BACK TO THE ORIGINAL PETITION, AND DENYING WITHOUT PREJUDICE THE MOTION FOR AN EVIDENTIARY HEARING**

Petitioner filed a petition for writ of habeas corpus pursuant to pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for second-degree murder, assault with intent to commit murder, felon in possesion of a firearm and felony-firearm. On January 19, 2007, respondent filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent argued that the petition was subject to dismissal because several of petitioner's claims were unexhausted. Petitioner has now filed a motion to amend the petition to delete the unexhausted claims. Petitioner has also filed a motion for his amended petition to relate back to the filing date of the original petition. Petitioner has also filed a motion for an evidentiary hearing on the exhausted claims. For the reasons stated below, the motion to amend the petition to delete the unexhausted claims and the motion to relate the amended habeas petition back to the original petition are **GRANTED**. The motion for an evidentiary hearing will be **DENIED WITHOUT PREJUDICE.**

1

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

Petitioner acknowledges that Sub-claims I (b)-(d) and Sub-claim IV (e) were never properly exhausted with the state courts and now wishes to delete these claims from his petition. A habeas petitioner has a right to amend his mixed petition containing exhausted and unexhausted claims to delete his unexhausted claims, as an alternative to the petition being dismissed. *James v. Giles*, 221 F. 3d 1074, 1077 (9th Cir. 2000). Outright dismissal of this mixed petition would be error without affording petitioner the opportunity to amend the petition by striking the unexhausted claim as an alternative to dismissal. *Anthony v. Cambra*, 236 F. 3d 568, 574 (9th Cir. 2000). Because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, in lieu of dismissing the petition, the Court will permit petitioner to delete these unexhausted claims from his petition.

The Court will also permit petitioner's amended habeas petition to relate back to his original habeas petition. An amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).

The Supreme Court has interpreted Rule 15(c)(2) to mean that "[a]n amended habeas

2

petition . . . does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005). It is not enough that the original and amended claims attack the same trial, conviction, or sentence. *See id.* at 2570-71. Relation back is permissible only if "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* at 2574.

In the present case, petitioner does not seek to raise any new or additional claims in his amended habeas petition, but seeks only to delete several unexhausted claims. Because the claims contained in both the original and amended habeas petitions are tied to the same common core of operative facts and the amended habeas petition does not assert any new claims for relief, the Court will permit the amended habeas petition to relate back to the original habeas petition.

Petitioner has also filed a motion for an evidentiary hearing. If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F. 2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has yet to review all of the pleadings that have been filed in this case, including the state court record. Following review of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims. The Court will therefore deny petitioner's motion for an evidentiary hearing without prejudice.

**ORDER**

Based upon the foregoing, **IT IS HEREBY ORDERED** that the Motion for Leave of Court to Amend Petition to Delete Unexhausted Claims [Dkt. # 8] and the Motion to Relate Amend Petition Back to Original Petition's Filing Date [Dkt. # 7] are **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion for an Evidentiary Hearing to Make a Testimonial Record to Support Exhausted Federal Constitutional Claims [Dkt. # 6] is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 7, 2007.

s/Denise Goodine
Case Manager