**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD DWAYNE THOMAS,

    Petitioner,                                        Civil No. 2:06-13165
                                                         HONORABLE PAUL D. BORMAN
v.                                                         UNITED STATES DISTRICT JUDGE

TOM BELL,

    Respondent,
_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Ronald Dwayne Thomas, ("petitioner"), presently confined at the Oaks Correctional Facility in Manistee, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for second-degree felony murder, M.C.L.A. 750.317; assault with intent to commit murder, M.CL.A. 750.83; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b. For the reasons stated below, the application for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

**I. BACKGROUND**

Petitioner was originally charged with first-degree murder, assault with intent to commit murder, and possession of a firearm in the commission of a felony. Petitioner was convicted of the lesser included offense of second-degree murder and guilty as charged of the other offenses following a jury trial in the Wayne County Circuit Court, in which he was tried jointly with his co-defendant, Tyrone Maurice Smith. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction,

1

which are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001):

> This case arose after defendants, the victims, and some of their other friends went to a rap concert together. Defendant Thomas took some of them in his car and the rest arrived in other cars. When they arrived at the concert, the victims, Fluellen and Calhoun, were not admitted into the concert hall because they did not have identification showing that they were old enough. They waited outside for their friends, but when the concert ended, defendant Thomas discovered that someone had stolen his car. On the way home, Thomas blamed the victims for the theft. Defendants obtained another car and found the victims in Fluellen's car near Calhoun's girlfriend's residence. Calhoun testified that he and Fluellen exchanged greetings with defendant Thomas, but Thomas suddenly jumped out of his passenger side seat, stepped in front of Fluellen's car, and opened fire on them. Calhoun did not see the type of firearm used because he immediately ducked down toward the driver's side of the car. While Thomas was shooting into the car, Calhoun reached down and put his hand on the accelerator to get away. The shooting left Fluellen dead and Calhoun seriously injured.
>
> *People v. Thomas,* No. 247853, * 1-2 (Mich.Ct.App. January 25, 2005).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 474 Mich. 871; 703 N.W. 2d 815 (2005).

On January 12, 2006, petitioner filed the instant petition, in which he sought habeas relief on the following grounds:

> I. Petitioner was denied his state and federal constitutional right to due process of law and his Sixth Amendment right to an impartial jury trial when improperly instructed jurors were charged to pass on the evidence of his guilty or innocence.
>
> A. Was it error to instruct jurors on a second-degree murder over objection?
>
> B. Was it error to give incomplete instructions on a critical element?
>
> C. Was it error to assign mere presence/aiding & abetting instructions to Petitioner when his defense presentation was alibi?
>
> D. Did reasonable doubt instructions fail to convey to the jurors the concepts of reasonable doubt?
>
> II. Mr. Thomas was denied his state and federal constitutional rights to a fair trial

when the prosecutor committed misconduct by arguing facts not in evidence. Alternatively, Mr. Thomas was denied his constitutional rights to a fair trial when the trial court failed to exercise discretion and control of the proceedings by limiting the arguments of counsel to relevant and material matters.

III. Petitioner contends that there is insufficient evidence to convict on second-degree murder.

IV. Petitioner was denied his state and federal constitutional rights to the effective assistance of trial and appellate counsel.

A. Counsel was ineffective for failing to establish Calhoun did not have a sufficient mental capacity and a sense of obligation to testify truthfully and understandably.

B. Counsel was ineffective for failing to investigate and obtain expert witness on behalf of the defense.

C. Counsel was ineffective for failing to object to prosecutor misconduct.

D. Counsel denied Mr. Thomas his right to testify in support of his alibi defense.

E. Counsel was ineffective for failing to request manslaughter instruction.

On January 19, 2007, respondent filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent argued that the petition was subject to dismissal because several of petitioner's claims were unexhausted. In response, petitioner filed a motion to amend his petition to delete Sub-claims I (b)-(d) and Subclaim IV (e), acknowledging that such claims had not been exhausted with the state courts. On September 7, 2007, this Court granted petitioner's motion to delete the unexhausted subclaims from his petition, in lieu of dismissing the petition on exhaustion grounds.

## II. STANDARD OF REVIEW

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. ANALYSIS

### A. Claim # 1. The jury instruction claim.

Petitioner first contends that the trial court erred in *sua sponte* instructing the jury on the lesser included offense of second-degree murder, when the lesser offense had not been requested by the prosecutor or either defendant.

An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (*quoting Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned', but that it violated some [constitutional] right'". *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). A jury instruction may not be judged in artificial

4

isolation, but must be considered in the context of the instructions as a whole and the trial record. *See Johnson v. Smith,* 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Although a defendant's due process rights may be violated if a jury is instructed on an offense not included in the information or the indictment and the defendant did not have notice that he might be charged with that offense, an instruction on a lesser included offense may be given even over the defendant's objection, because a defendant has sufficient notice when charged with the greater offense that he may also have to defend against the lesser included offense. *See Seymour v. Walker,* 224 F. 3d 542, 558 (6th Cir. 2000)(collecting cases). Second-degree murder is a necessarily lesser included offense of first-degree murder in Michigan. *See e.g. People v. Cornell,* 466 Mich. 335, 358, n. 13; 646 N.W. 2d (2002). Because second-degree murder is a necessarily lesser included offense of first-degree premeditated murder, the trial court did not violate petitioner's due process rights by instructing the jury on second-degree murder as a lesser included offense, even though it was not requested by petitioner. *Seymour,* 224 F. 3d at 558; *See also McHam v. Workman,* 247 Fed. Appx. 118, 120-21 (10th Cir. 2007)(murder defendant was not constitutionally entitled to preclude state trial court from *sua sponte* giving jury instruction on lesser included offense of manslaughter, where evidence was sufficient to support giving of such instruction). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The prosecutorial misconduct claim.**

Petitioner next claims that the prosecutor committed misconduct by deliberately injecting incorrect and misleading facts concerning the time that petitioner left St. Andrew's

Hall, which petitioner contends undermined his alibi defense. [1]

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor. On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-56 (6th Cir. 1993). In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

Petitioner contends that the prosecutor repeatedly misrepresented the facts by arguing that petitioner left St. Andrew's Hall at 1:00 a.m. on the night of the murder, rather than after 2:00 a.m., as petitioner claims. Petitioner contends that these misrepresentations undermined his alibi defense.

Misrepresenting facts in evidence by a prosecutor can amount to substantial error

---

[1] Respondent argues that petitioner's second claim is procedurally defaulted, because the Michigan Court of Appeals rejected petitioner's claim on the ground that petitioner failed to provide any support for his argument. *Thomas,* Slip. Op. at * 3. However, petitioner raised the prosecutorial misconduct claim in a *pro per* supplemental brief on appeal. (*See* Standard 11 Brief Supplemental Brief on Appeal, dated January 19, 2004, pp. 8-12, Part of this Court's Dkt. # 17). A review of this brief shows that petitioner raised the factual allegations for his prosecutorial misconduct claim and cited to several federal and state cases in support of his argument. The rule of procedural default is "a matter of comity between the federal and state courts and should not be applied to preclude federal courts from hearing federal constitutional claims when to do so does no disrespect to the state courts and their procedural rules." *Walker v. Engle,* 703 F. 2d 959, 967 (6th Cir. 1983). Thus, when a state court applies a procedural bar that has no foundation either in the record or under state law, the federal courts need not honor that bar. *Id.* Because there is no foundation for the Michigan Court of Appeals's conclusion that petitioner abandoned his claim on appeal, the Court finds that the claim is not defaulted.

because doing so "may profoundly impress a jury and may have a significant impact on the jury's deliberations." *Washington v. Hofbauer,* 228 F. 3d 689, 700 (6th Cir. 2000)(*quoting Donnelly v. DeChristoforo*, 416 U.S. at 646). Likewise, it is improper for a prosecutor during closing arguments to bring to the jury any purported facts which have not been introduced into evidence and which are prejudicial. *Byrd v. Collins*, 209 F. 3d 486, 535 (6th Cir. 2000).

A review of the prosecutor's comments show that the prosecutor did not consistently maintain that petitioner and the co-defendant left the hall at 1:00 a.m., but at times argued that it may have been 1:30 a.m, 2:00 a.m., or even later. In fact, the prosecutor's final remark indicated that it was sometime between 2:00 and 3:30 in the morning that petitioner and the co-defendant left to go search for the victims. In any event, petitioner does not offer any reasonable argument how the discrepancy in time undermined his alibi defense. The testimony established that the shooting took place sometime around 3:00 a.m. (T. 2/18/2003, pp. 148-150, 156). Sirvan Martin testified for the prosecution that he was with petitioner, the co-defendant, and the victims at St. Andrew's Hall on the night in question. Martin stayed at the hall until it closed at 2:00 a.m. When he went outside, petitioner and the co-defendant were arguing with the parking attendants and then the police. Martin estimated that the argument lasted ten to fifteen minutes. Martin then gave petitioner and the co-defendant a ride home. (T. 2/19/2003, pp. 84-86). Petitioner's two alibi witnesses, Rodney Phillips and Ebony Harrell, testified that they arrived at co-defendant Tyrone Smith's house at 3:10-3:15 a.m. and took petitioner to Phillips' house, arriving there at 3:25-3:30 a.m. (T. 2/19/2003, pp. -115-128).

The prosecutor's misstatements over the time that petitioner left St. Andrew's Hall did not violate petitioner's due process rights, because regardless of whether petitioner left St.

7

Andrew's Hall at 1:00 a.m. or 2:00 a.m., petitioner claimed to have an alibi for around 3:00 a.m., when the shooting took place. The time of petitioner's departure from St. Andrew's Hall was an insignificant point, because regardless of when he left the hall, he had an alibi for roughly the time that the shooting took place. The key for the prosecution in this case was to show that petitioner's alibi was not credible, not to quibble over the time that petitioner left St. Andrew's Hall earlier in the evening. Accordingly, any misstatements by the prosecutor over the time that petitioner and the co-defendant left St. Andrew's Hall did not deprive petitioner of a fair trial. *See e.g. Pursell v. Horn,* 187 F. Supp. 2d 260, 351-52 (W.D. Pa. 2002)(prosecutor's remarks that allegedly made a reference to victim's time of death that was not supported by the evidence did not violate defendant's due process rights; the time of death was insignificant point since defendant had an alibi no matter what time victim died). Petitioner is not entitled to habeas relief on his second claim.

**C. Claim # 3. The sufficiency of evidence claim.**

Petitioner next claims that there was insufficient evidence to sustain his conviction for second-degree murder.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647

8

(E.D. Mich. 2002).

Petitioner first claims that the trial court erred in failing to direct a verdict on the first-degree murder charge. "[C]learly established Supreme Court law provides that a defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that the submission of a charge, upon which there is insufficient evidence, violates a defendant's constitutional rights where the defendant is acquitted of that charge." *Long v. Stovall*, 450 F. Supp. 2d 746, 752 (E.D. Mich. 2006)(quoting *Skrzycki v. Lafler*, 347 F. Supp.2d 448, 453 (E.D. Mich. 2004) (emphasis original)*; See also Aldrich v. Bock,* 327 F. Supp. 2d 743, 761-62 (E.D. Mich. 2004). The submission to a jury of a criminal charge constitutes harmless error where the habeas petitioner is acquitted of that charge. *Daniels v. Burke*, 83 F. 3d 760, 765, fn. 4 (6th Cir. 1996); *Long,* 450 F. Supp. 2d at 752; *Aldrich,* 327 F. Supp. 2d at 761; *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001). Because petitioner was acquitted of the first-degree murder charge, the submission of this charge to the jury would not entitle him to habeas relief.

Petitioner next contends that the evidence was insufficient to convict him of these crimes, because Jerard Calhoun's credibility was suspect due to the fact that he suffered from various mental problems and acknowledged that he was not taking his medication on the night of the shooting. Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell,* 280 F. 3d 594, 618 (6th Cir. 2002). An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. *Gall v. Parker*, 231 F. 3d 265, 286 (6th Cir. 2000). Moreover, to the extent that petitioner contends that the trial court erred in

finding Calhoun competent to testify at petitioner's trial, he would not be entitled to habeas relief on such a claim. Petitioner does not cite any Supreme Court case that requires a state trial court to question witnesses, other than a defendant, to determine their competence. Thus, the trial court's alleged violation of Michigan Rule of Evidence 601 is not a basis for granting the writ of habeas corpus. *See Adams v. Smith,* 280 F. Supp. 2d 704, 715 (E.D. Mich. 2003).

Petitioner lastly contends that there was insufficient evidence to convict him of second-degree murder. Under Michigan law, conviction of second-degree murder requires proof of: (1) a death; (2) caused by an act of the defendant; (3) with malice; and (4) without justification or excuse. *Kelley v. Jackson,* 353 F. Supp. 2d 887, 891 (E.D. Mich. 2005)(citing *People v. Goecke*, 457 Mich. 442, 463-64; 579 N.W. 2d 868 (1998)). To prove malice, the prosecution must establish that the defendant has the intent to kill or do great bodily harm, or has created and disregarded a very high risk of death. *Id.* Malice for second-degree murder can be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm. *People v. Djordjevic*, 230 Mich. App. 459, 462; 584 N.W.2d 610 (1998); *See also Hill v. Hofbauer,* 195 F. Supp. 2d 871, 885 (E.D. Mich. 2001). The offense of second-degree murder "does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences." *People v. Mayhew*, 236 Mich. App. 112, 125; 600 N. W. 2d 370 (1999). Finally, absence of provocation is not an element which the prosecution must prove for a conviction of second degree murder in Michigan. *See Cook v. Stegall,* 56 F. Supp. 2d 788, 795-96 (E.D. Mich. 1999)(*citing People v. Deason*, 148 Mich. App. 27; 384 N.W.2d 72 (1985)).

In the present case, the prosecutor presented evidence that petitioner and his co-

defendant sought out Fluellen and Calhoun and that petitioner got out of the car and fired several gunshots at them. This evidence was sufficient to establish that petitioner was guilty of second-degree murder. Petitioner is not entitled to habeas relief on his third claim.

### D. Claim # 4. The ineffective assistance of counsel claims.

Petitioner next contends that he was deprived of the effective assistance of counsel.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first claims that his counsel was ineffective for failing to establish that Jerard Calhoun was not competent to testify as a witness.

On the first day of trial, a hearing was held outside of the jury's presence to determine whether Calhoun was competent to testify. Calhoun was unable to remember his date of birth. Calhoun further admitted that he had been hospitalized previously in a psychiatric hospital, that he had heard voices and had seen "little green men" talk to him, although this had been years before the trial. Calhoun admitted that he was not on medication when his cousin was killed. Although these voices in the past had told him to do things, Calhoun claimed that these voices had not done so in the last one to two years. Calhoun indicated that he could distinguish between these voices and real people. Upon further questioning, Calhoun indicated that he knew that the President of the United States was [George] Bush. At the conclusion of the

11

hearing, the trial court judge ruled that Calhoun was competent to testify, since he had demonstrated that he was "aware" and was able to respond to counsels' questions. (T. 2/18/2003, pp. 71-80).

Petitioner claims that counsel was ineffective for failing to specifically ask Calhoun at the hearing whether he was able to testify truthfully. Petitioner further contends that counsel was ineffective for failing to obtain an expert witness to examine Calhoun to determine his competency to testify. Petitioner further claims that counsel should have obtained psychological reports from a federal criminal case against Mr. Calhoun, which was dismissed on February 6, 2003, after Calhoun was deemed mentally incompetent to stand trial.

Under M.R.E. 601, all witnesses are presumed to be competent to testify. *People v. Watson,* 245 Mich. App. 572, 583; 629 N.W. 2d 411 (2001). The test of the competency of a witness to testify is whether the witness has the capacity and sense of obligation to testify truthfully and understandingly. *Id.* A court may declare a witness incompetent only if it finds that the witness lacks the capacity or ability to state the truth. *Id.* The mere fact that Calhoun had previously been found incompetent to stand trial in a separate criminal case, had a history of auditory and visual delusions, and had spent time in mental health facilities would be insufficient in and of itself to render him incompetent to testify as a witness against petitioner, so long as Calhoun was minimally capable of telling the truth. *See e.g. United States v. Phibbs,* 999 F. 2d 1053, 1068-70 (6th Cir. 1999). Moreover, as the Michigan Court of Appeals noted in rejecting petitioner's claim that Calhoun was incompetent to testify, Calhoun's testimony at the preliminary examination was consistent with his testimony at petitioner's trial and was corroborated by other witnesses. *Thomas,* Slip. Op. at * 2-3. In this case, petitioner was not

12

prejudiced by trial counsel's alleged failure to further challenge Calhoun's mental capacity, because he has failed to present any evidence to overcome the presumption that Calhoun was competent to testify. *See Mitchell v. Kemna,* 109 F. 3d 494, 495-96 (8th Cir. 1997).

As for petitioner's related claim that counsel should have brought up the dismissed federal indictment against Calhoun in an attempt to argue that these charges had been dismissed by the government in exchange for petitioner's testimony, this claim is defeated by the fact that petitioner himself admits that the federal charges were dismissed because Calhoun was mentally incompetent to stand trial. This portion of petitioner's claim is without merit.

Petitioner next contends that his counsel failed to object to certain prosecutorial misconduct. Petitioner first claims that his counsel failed to object to the prosecutorial misconduct complained of in Issue II, *supra.* Petitioner, however, admits that his counsel objected to the prosecutor's remarks concerning the time that petitioner left St. Andrew's Hall. Counsel's decision not to object more frequently could be seen as a reasonable tactical decision. *See e.g. Mills v. Singletary,* 63 F. 3d 999, 1027, fn. 50 (11th Cir. 1995). Moreover, because this Court has already determined that the prosecutor's remarks did not deprive petitioner of a fair trial, petitioner's claim that counsel was ineffective for failing to object to the prosecutor's comments and remarks must also be rejected. *See Millender v. Adams,* 187 F. Supp. 2d 852, 876 (E.D. Mich. 2002).

Petitioner also claims that counsel should have objected to the prosecutor denigrating defense counsel in closing argument, when the prosecutor warned the jury not to be tricked by defense counsel. The Sixth Circuit has held that "[a] prosecutor commenting that the defense is attempting to trick the jury is a permissible means of arguing so long as those comments are not

13

overly excessive or do not impair the search for the truth." *Brown v. McKee,* 231 Fed. Appx. 469, 480 (6th Cir. 2007)(*quoting United States v. August*, 984 F.2d 705, 715 (6th Cir.1992)). Thus, the prosecutor's isolated comment in closing argument that the defense was attempting to trick the jury was not an improper disparagement of defense counsel. *Id.* Because the prosecutor's comments were not improper or harmless error, counsel's failure to object to the prosecutor's comments was not ineffective assistance of counsel. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 866 (E.D. Mich. 2003).

Petitioner finally claims that counsel was ineffective for denying petitioner his right to testify. When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000). A trial court has no duty to inquire *sua sponte* whether a defendant knowingly, voluntarily, or intelligently waives his right to testify. *United States v. Webber*, 208 F. 3d 545, 551-52 (6th Cir. 2000). In addition, a state trial judge is not constitutionally required to specifically address a criminal defendant and both explain that he has a right to testify and ask him whether he wishes to waive that right. *Siciliano v. Vose*, 834 F. 2d 29, 30 (1st Cir. 1987); *See also Liegakos v. Cooke,* 106 F. 3d 1381, 1386 (7th Cir. 1997). Waiver of the right to testify may be inferred from a defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so. *Webber,* 208 F. 3d at 551. Here, petitioner did not alert the trial court at the time of trial that he wanted to testify. Thus, his failure to do so constitutes a waiver of this right. *Id.* Because the record is void of any indication by petitioner that he disagreed with counsel's advice that he should not testify, petitioner has not overcome the presumption that he willingly agreed to counsel's advice not to testify or that his counsel

14

rendered ineffective assistance of counsel. *Gonzales,* 233 F. 3d at 357.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson,* 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas

corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: January 29, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 29, 2008.

                                                s/Denise Goodine
                                                Case Manager